UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS M. WITZKE,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE BAR,<br><br>ROBERT A. BERRY, individually and in his official capacity as a DEPUTY ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br><br>LAWRENCE G. WASDEN, individually and in his official capacity as the ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br><br>KRISTIN L. BJORKMAN, individually and in her official capacity as the PRESIDENT OF THE IDAHO STATE BAR BOARD OF COMMISSIONERS,<br><br>JOSEPH N. PIRTLE, individually and in his official capacity as the IDAHO STATE BAR COUNSEL,<br><br>MITCHELL W. BROWN, individually and in his official capacity as the DISTRICT COURT JUDGE FOR THE COUNTIES OF CARIBOU, BEAR LAKE, FRANKLIN, and BANNOCK, COUNTIES WITH THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO,<br><br>THE COUNTY OF CARIBOU, IDAHO,<br><br>THE COUNTY OF FRANKLIN, IDAHO,<br><br>THE COUNTY OF BEAR LAKE, IDAHO,<br><br>    Defendants. | Case No. 1:22-cv-00478-REP<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**COUNTY DEFENDANTS' MOTION TO DISMISS (Dkt. 26)**<br><br>**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE (Dkt. 70)** |

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 1**

Pending before the Court is Defendants Caribou County, Franklin County, and Bear Lake County's Motion to Dismiss (Dkt. 26) and Plaintiff's Motion to Take Judicial Notice of a Document Without Converting County Defendants' 12(c) Motion Into a Motion for Summary Judgment (Dkt 70) ("Motion for Judicial Notice"). All Parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 32). Accordingly, for the reasons stated below, the Court will grant in part and deny in part Defendants' Motion to Dismiss and grant Plaintiff's Motion for Judicial Notice.

## I. BACKGROUND

Plaintiff filed this lawsuit on November 19, 2022. Compl. (Dkt. 1). As is relevant to the instant motion, Counts IV and V of the Verified Complaint assert 42 U.S.C. § 1983 claims against Defendants Caribou County, Franklin County, and Bear Lake County (the "County Defendants").[1] Plaintiff alleges that Defendant Brown unconstitutionally terminated Plaintiff's employment as a law clerk, and that the County Defendants are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) because Defendant Brown was acting in his official capacity on behalf of the County Defendants when he terminated Plaintiff. Compl. ¶163 (Dkt. 1).

The County Defendants answered on December 21, 2022. Answer (Dkt. 21). They filed a Motion to Dismiss the following day, December 13, 2022. Mot. to Dismiss (Dkt. 26). The County Defendants assert that the claims against them should be dismissed as Defendant Brown

---

[1] The Complaint also named Bannock County, Idaho, as a Defendant. However, Bannock County has since been voluntarily dismissed. (Dkt. 36).

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 2**

was not acting as an employee or agent of the County Defendants when he terminated Plaintiff's employment.[2]  *See generally* Mem. in Supp. of Mot. to Dismiss (Dkt. 26-1).

The Court set a hearing on the Motion for February 14, 2023.  (Dkt. 73).  The day before the motion hearing, Plaintiff filed an oral argument outline that introduced several new authorities and arguments not presented in his Response brief.  Argument Outline (Dkt. 97).  Although the County Defendants did not have time to respond to these additional arguments and authorities prior to the hearing, the Court granted leave for the County Defendants to file an additional reply brief after the hearing.  Order (Dkt. 99).  The Count Defendants did so on February 17, 2023.  County Defs.' Supplemental Reply (Dkt. 100).  Accordingly, having reviewed the parties' briefing, heard oral argument on the motion, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## II.  LEGAL STANDARD

The County Defendants filed their Motion to Dismiss under Rule 12(b)(6) after filing their Answer.  Technically speaking, a motion brought under Rule 12(b) must be brought *before* an answer is filed.  Fed. R. Civ. P. 12(b) ("A motion asserting any of [the defenses listed in Rule 12(b)] must be made before pleading if a responsive pleading is allowed.").  However, a court may appropriately convert a motion to dismiss under Rule 12(b)(6) into a motion for judgment on the pleadings under Rule 12(c) if the party bringing the motion has raised a failure to state a claim defense in their answer.  *Rowlette v. Mortimer*, Case No. 4:18-cv-00143-DCN, 2018 WL 3478883, at *1-2 (D. Idaho July 19, 2018); *see also* Fed. R. Civ. P. 12(h)(2)(B) (allowing

---

[2] The County Defendants' initial brief raised questions about whether Plaintiff properly served them with process.  Mem. in Supp. of Mot. to Dismiss at 4 (Dkt. 26-1).  However, Plaintiff has re-served the County Defendants and they concede that Plaintiff has adequately served process within ninety days of filing his Complaint.  Reply in Supp. of Mot. to Dismiss at 2-3 (Dkt. 63).  Consequently, the Court will not address any issues relating to service of process.

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 3**

"[f]ailure to state a claim upon which relief can be granted" to be raised as a defense in a motion brought under Rule 12(c)).  The County Defendants have preserved their failure to state a claim defense.  Answer at 20 (Dkt. 21).  Accordingly, the Court will treat the Motion to Dismiss as a Motion for Judgment on the Pleadings under Rule 12(c).

Aside from the requirement that a movant preserve their failure to state a claim defense, a Rule 12(c) motion is evaluated under a standard that is "functionally identical" to a Rule 12(b)(6) motion.  *See Koninklijke Philips N.V. v. Acer Inc.*, 371 F. Supp. 3d 641, 643 (N.D. Cal. 2019).  Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss claims for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal can be predicated on either (a) "a lack of cognizable legal theory" or (b) "the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).  While detailed factual allegations are not required, a complaint must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Shoshone-Bannock Tribes of Fort Hall Reservation v. United States*, 575 F. Supp. 3d 1245, 1253 (D. Idaho 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)).  Under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint.  *Id.*  Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be accepted as true.  *Id.* (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III. ANALYSIS

Plaintiff's claims against Defendants Franklin County and Bear Lake County must be dismissed because he has failed to allege sufficient well-pleaded facts to state a plausible claim for municipal liability under § 1983; however, Plaintiff's claims may proceed against Caribou

County because his complaint states a plausible basis for relief under a ratification theory of municipal liability.

Section 1983 permits civil suits for damages against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory . . . subjects, or causes to be subjected" any person to a deprivation of rights secured by the United States Constitution. "Person," as that term is used in § 1983, includes municipalities and local governing bodies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Further, § 1983 requires the person to have caused the constitutional deprivation. *Id.* at 691. Accordingly, a municipality or local government may not be held liable for a constitutional violation under a theory of *respondeat superior*, or vicarious liability. *Id.* Instead, to establish municipal liability, a Plaintiff must show either that the tortfeasor (i) acted pursuant to an expressly adopted official policy, (ii) acted pursuant to a longstanding practice or custom of the local governing body, or (iii) acted as a "final policymaker" for the local governing body. *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Plaintiff's arguments concern only the third theory.

A municipality may be held liable for an isolated constitutional deprivation if the responsible official possessed final policymaking authority such that that official's action could be fairly said to be an expression of municipal policy. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ("We hold that municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."). "A court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 5**

alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 (1997).

One way a plaintiff may establish municipal liability for an isolated constitutional deprivation is to show that the municipality ratified the action. "To show ratification, a plaintiff must show that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" *Lytle*, 382 F.3d at 987 (citing *Christie*, 176 F.3d at 1238); *see also Praprotnik*, 485 U.S. at 127 ("If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."). Ratification requires a Plaintiff to show that the relevant policymaker had knowledge of the unconstitutional action before it ceased and made an affirmative choice to approve it. *French v. City of Los Angeles*, Case No. EDCV 20-416 JGB (SPx), 2020 WL 6064968, at *7 (C.D. Cal. July 9, 2020); *see also Lytle*, 382 F.3d at 987 ("The policymaker must have knowledge of the constitutional violation and actually approve of it."). Failing to override a subordinate's decision does not constitute ratification. *Lytle*, 382 F.3d at 987.

Although it is a close call, the Court finds that Plaintiff has stated a plausible basis for relief under a ratification theory of municipal liability against Defendant Caribou County. Specifically, Plaintiff's Exhibit 14 appended to the Verified Complaint – a letter from Defendant Brown informing Plaintiff of the decision to place him on administrative leave – leads to a reasonable inference that Caribou County approved of the decision to place Plaintiff on administrative leave. V. Compl., Ex. 14 (Dkt. 1-12). That letter states that Caribou County is an at-will employer, and that Defendant Brown served as Plaintiff's immediate supervisor. *Id.* The letter continues, informing Plaintiff that Caribou County "could terminate [Plaintiff's] employment at any time without prior notice, with or without cause, for any reason that is not

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 6**

unlawful." *Id.* And, critically, the letter then states that "after consultation with the Caribou County Board of Commissioners, it has been determined to place you on paid administrative leave rather than termination for the balance of your one year period of employment[.]" *Id.*

Taking Plaintiff's well-pleaded factual allegations as true, and drawing reasonable inferences in his favor as the Court must do at this stage in the proceedings, Plaintiff has stated a plausible basis for relief against Caribou County. Specifically, Exhibit 14 leads to the following reasonable inferences: (i) Caribou County employed him, (ii) Defendant Brown acted as Plaintiff's supervisor and pursuant to Caribou County Policy in deciding to place Plaintiff on administrative leave, and (iii) Caribou County, through its Board of Commissioners, had knowledge of and actually approved the decision to place Plaintiff on administrative leave. These inferences, coupled with the well-pled factual allegation that Plaintiff was placed on administrative leave because of his decision to bring a lawsuit against the Idaho State Bar, lead to the conclusion that he has stated a plausible basis for municipal liability under a ratification theory.

To be sure, the language used in Defendant Brown's letter could have been imprecise and, as the County Defendants say, and Caribou County could have had no role to play in Defendant Brown's personnel decisions relating to Plaintiff. Yet, those are facts and inferences that the Court cannot assume to be true or draw in the Caribou County's favor at this time. Limited discovery on the issue of ratification, however, may prove to be dispositive of this issue on a motion for summary judgment. For example, Caribou County could produce meeting minutes or other documentation from the time period when Defendant Brown is alleged to have consulted with the Board of Commissioners to show that no vote was taken on Plaintiff being placed on administrative leave.

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 7**

The analysis with respect to Franklin and Bear Lake Counties, however, is quite different. Plaintiff's claims against those counties amount to nothing more than a prohibited claim for vicarious liability under § 1983.  His allegations against Franklin and Bear Lake Counties are limited to stating that (i) those Counties employed him,[3] (ii) those Counties shared in paying his salary, and (iii) Defendant Brown was acting in his supervisory capacity for those counties when he placed Plaintiff on administrative leave.  V. Compl. ¶¶ 7, 82, 159, 163.  Unlike Caribou County, which is directly implicated by Exhibit 14, Plaintiff offers nothing more by way of allegation or exhibit linking his placement on administrative leave with an expression of policy attributable to either Franklin or Bear Lake County.  Accordingly, the Court will dismiss Plaintiff's claims against those counties.

## IV. ORDER

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The County Defendants' Motion to Dismiss is GRANTED with respect to Defendants Franklin County and Bear Lake County.

2. The County Defendants' Motion to Dismiss in DENIED with respect to Defendant Caribou County.

DATED: May 11, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge

---

[3] Plaintiff's Motion for Judicial Notice requests that the Court take notice of the memorandum of understanding Plaintiff signed prior to beginning his clerkship.  Mot. for Judicial Notice (Dkt. 70).  Neither the County Defendants nor the State Defendants opposed this Motion.  Notice of Non-Opp'n (Dkt. 75); Non-Opp'n to Motion for Judicial Notice (Dkt. 92).  The Court grants the Motion and takes notice of Plaintiff's MOU, which identifies him as an employee of Caribou County and Defendant Brown as Plaintiff's direct supervisor.  MOU (Dkt. 72).

**ORDER ON COUNTY DEFENDANTS' MOTION TO DISMISS - 8**