# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS M. WITZKE,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO STATE BAR,<br><br>ROBERT A. BERRY, individually and in his official capacity as a DEPUTY ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br><br>LAWRENCE G. WASDEN, individually and in his official capacity as the ATTORNEY GENERAL FOR THE STATE OF IDAHO,<br><br>KRISTIN L. BJORKMAN, individually and in her official capacity as the PRESIDENT OF THE IDAHO STATE BAR BOARD OF COMMISSIONERS,<br><br>JOSEPH N. PIRTLE, individually and in his official capacity as the IDAHO STATE BAR COUNSEL,<br><br>MITCHELL W. BROWN, individually and in his official capacity as the DISTRICT COURT JUDGE FOR THE COUNTIES OF CARIBOU, BEAR LAKE, FRANKLIN, and BANNOCK, COUNTIES WITH THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO,<br><br>THE COUNTY OF CARIBOU, IDAHO,<br><br>THE COUNTY OF FRANKLIN, IDAHO,<br><br>THE COUNTY OF BEAR LAKE, IDAHO,<br><br>    Defendants. | Case No. 1:22-cv-00478-REP<br><br>**ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**(Dkt. 115)** |

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 1**

Before the Court is Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 115) ("Emergency TRO Motion"). Plaintiff requests that this Court (i) issue a temporary restraining order ("TRO") blocking the Idaho Supreme Court from granting a petition filed by the Idaho State Bar ("ISB"), (ii) issue a TRO ordering the ISB and related Defendants stop "their retaliation and harassment" against him, (iii) schedule an expedited preliminary injunction hearing, and (iv) retain jurisdiction over this matter until Plaintiff is admitted to the bar. Mem. in Supp. of Emergency TRO Mot. at 9 (Dkt. 115-1). The Court has reviewed the record and the briefs and finds that the facts and legal arguments are adequately presented. Accordingly, to avoid delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Emergency TRO Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons explained below, Plaintiff's Motion is denied.

## BACKGROUND

Plaintiff filed his Emergency TRO Motion on May 4, 2023. (Dkt. 115). The previous day, the ISB filed a petition with the Idaho Supreme Court relating to Plaintiff's third bar application. Emergency TRO Mot., Ex. E (Dkt. 115-6). That petition seeks an order from the Idaho Supreme Court permitting the ISB to deny Plaintiff's third application and either (i) prohibiting Plaintiff from refiling a bar application for a period of five years after the date his second bar application was finally denied (March 7, 2023) or (ii) prohibiting Plaintiff from submitting any new bar application without obtaining express written permission from the Supreme Court after showing a significant change in circumstances. *Id.* at 2.

Plaintiff represents that the ISB filed this petition as an act of retaliation following oral argument on the State Defendants' Motion to Dismiss on April 20, 2023. Mem. in Supp. of

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 2**

Emergency TRO Mot. ¶¶ 9-10 (Dkt. 115-1).  Further, he alleges that he will not have an opportunity to respond to the ISB's petition before the Idaho Supreme Court and that the Supreme Court will simply issue a "rubber stamp approval" of the Petition.  *Id.* ¶¶ 9, 16-17.  Accordingly, he asserts that without intervention from this Court to halt consideration of the petition now pending before the Idaho Supreme Court, Plaintiff will be irreparably injured.  *See generally id.*

## LEGAL STANDARD

A preliminary injunction should only issue if a plaintiff establishes: (i) a likelihood of success on the merits, (ii) a likelihood of irreparable harm in the absence of injunctive relief, (iii) "the balance of equities tips in [his] favor," and (iv) that the injunction would be in the public interest.  *Recycle for Change v. City of Oakland*, 856 F.3d 666, 669 (9th Cir. 2017).  These elements are viewed on a "sliding scale," so a forceful showing on one element can compensate for a weaker showing on another.  *Id.*

## DISCUSSION

A discussion of the merits of Plaintiff's Motion is not warranted because the Motion fails on two separate procedural grounds.  First, the Court cannot enjoin the Justices of the Idaho Supreme Court as non-parties to this litigation.  Second, even if the Court could enjoin the Justices, it would decline to do so under the *Younger* abstention doctrine.

A. **The Court cannot enjoin the Justices of the Idaho Supreme Court.**

"[C]ourts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."  *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996).  Yet, an injunction may affect non-parties in two instances: (i) "those who are legally identified with

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 3**

an enjoined party may be bound as if they themselves were named in the injunction" and (ii) "those who act in concert with an enjoined party to assist in violating the injunction may also be held in contempt." *Cal. Expanded Metal Prods. Co. v. Klein*, 2020 WL 9182723, at *6 (W.D. Wash. Oct. 19, 2020) (citing *Merial Ltd. V. Cipla Ltd.*, 681 F.3d 1283, 1304 (Fed. Cir. 2012)). Plaintiff alleges that the Justices of the Idaho Supreme Court are "legally identified" with the ISB Defendants, or, in the alternative, that the Justices are in privity with the ISB.

A non-party may be bound by an injunction under a "legally identified" theory in two situations. First, a non-party may be bound to an injunction if the non-party is a successor to a party properly bound by the injunction. *Id.* (citing *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1367-68 (Fed. Cir. 2017)). Second, a non-party may be bound if it sufficiently controls a party's litigation to the extent that is could fairly be said that the non-party "had its day in court" relating to the validity of the injunction. *Id.* Put differently, to be bound by an injunction, a non-party must "assume[] control over the litigation in which the judgment was rendered." *Asetek Danmark A/S*, 852 F.3d at 1368.

Neither circumstance is applicable here. While the ISB "and its board of commissioners act in an administrative capacity as an arm of the Supreme Court in carrying out [the Court's] supervisory function" over the legal profession, *Idaho State Bar Ass'n v. Idaho Pub. Util. Comm.*, 637 P.2d 1168, 1170 (Idaho 1981), the Justices of the Idaho Supreme Court are not successors in interest to the ISB such that an injunction binding the ISB would also properly bind them. Further, there is no allegation that the Justices of the Idaho Supreme Court have directed this litigation on behalf of the ISB. Simply put, this Court is without authority to enjoin the Justices of the Idaho Supreme Court from considering the ISB's petition because they are not parties to this case and not legally identified with the ISB and related Defendants.

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 4**

B. **Even if the Court could provide the requested injunctive relief, it would abstain under *Younger*.**

Even if this Court had the authority to enjoin the Justices of the Idaho Supreme Court – which it does not – it would decline to do so under the *Younger* abstention doctrine. *Younger* abstention is a narrow exception to the "virtually unflagging" obligation of federal courts to exercise properly invoked jurisdiction. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). The doctrine rests on "a proper respect for state functions, . . . the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Abstention is appropriate when:

> (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019) (citing *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)). If these threshold elements are met, a federal court may still decline to abstain if there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* (internal quotation marks omitted).

1. *State judicial proceedings are ongoing.*

Plaintiff argues that the proceedings before the Idaho Supreme Court are not "coercive civil enforcement proceedings" to which *Younger* applies and, in any event, the proceedings were not ongoing at the time Plaintiff filed his Verified Complaint. Reply in Supp. of Emergency TRO Mot. at 3-4 (Dkt. 121).

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 5**

Courts analyze *Younger* abstention "in light of the facts and circumstances existing at the time the federal action was filed." *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018). However, Courts do not have to be blind to subsequent developments. *Middlesex*, 457 U.S. at 436. State proceedings are ongoing "if they are initiated before any proceedings of substance on the merits have taken place in the federal court." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017) (internal quotation marks omitted).

Neither of Plaintiff's arguments are persuasive. As this Court previously held in denying Plaintiff's first Motion for Preliminary Injunction, bar admission proceedings are judicial in nature.[1] *Witzke v. Idaho State Bar*, Case No. 1:22-cv-00478-REP, 2022 WL 17903422, at *4 (D. Idaho Dec. 23, 2022) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 478-79 (1983)). An adversarial matter pending before a state supreme court is undoubtedly a judicial proceeding as contemplated by *Younger*.

Plaintiff correctly points out that the ISB's Petition before the Idaho Supreme Court was not pending at the time he filed his Verified Complaint. That said, Plaintiff's third bar application was not pending at that time either. To the extent this Court may consider any claim arising out of Plaintiff's third bar application, it is essentially an amendment to his Verified Complaint. An amendment which, under the terms of Federal Rule of Civil Procedure 15(c), would not relate back to the filing of his Verified Complaint. Fed. R. Civ. P. 15(c) (listing which types of amendments relate back to the date of filing). Thus, to the extent that Plaintiff's Emergency TRO Motion raises a new claim for relief stemming from new facts not plead in his

---

[1] Indeed, to the extent that Plaintiff characterizes the proceedings before the Idaho Supreme Court as an attempt to "disbar" him, the United States Supreme Court has unequivocally held that state bar disciplinary proceedings are "judicial in nature" and "warrant federal-court deference." *Middlesex*, 457 U.S. at 433-34.

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 6**

original Complaint, the Court views the operative time period for *Younger* purposes as the time he filed the Emergency TRO Motion, not the time he filed his Verified Complaint. With this in mind, state judicial proceedings were clearly ongoing at the time Plaintiff sought to enjoin them through this Motion. Accordingly, the Court finds that the first element of *Younger* is met.

    2. *Plaintiff's bar admission proceedings implicate important state interests*

It is well-settled that states have "an extremely important interest in maintaining and assuring the professional conduct of the attorneys [they] license[]." *Hirsh v. Justices of the Supreme Ct. of Cal.*, 67 F.3d 708, 712-713 (9th Cir. 1995) (quoting *Middlesex*, 457 U.S. at 434). The Court finds that the second element of *Younger* is met.

    3. *There is an adequate opportunity for Plaintiff to litigate his specific constitutional challenges.*

Plaintiff argues that the Justices of the Idaho Supreme Court will simply "rubber stamp" the ISB's petition, and that the Supreme Court cannot act to enjoin the State Defendants from harassing him. Neither argument succeeds.

The burden rests with Plaintiff to demonstrate that he cannot adequately raise constitutional claims in the ongoing state proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1,14 (1987). Generally, state courts are presumed to provide a sufficient opportunity to raise constitutional claims unless state law "clearly bars" them. *Moore v. Sims*, 442 U.S. 415, 426 (1982); *see also Pennzoil*, 481 U.S. at 15 ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Communications Telesystems Int'l v. California Pub. Util.*, 196 F.3d 1011, 1020 (9th Cir. 1999) ("*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings."). In short, the third element of *Younger* is met where a plaintiff has "the

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 7**

opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (emphasis added).

Plaintiff argues that the Justices of the Idaho Supreme Court will simply "rubber stamp" the ISB's Petition because they are "afraid to tell the ISB the word 'no.'" Mem. in Supp. of Emergency TRO Mot. at 5 (Dkt. 115-1). The Court construes this as an argument that the Justices are biased in favor of the ISB and, therefore, unable to adequately consider Plaintiff's federal claims. The Court finds Plaintiff's bare allegations of bias wholly insufficient. Those serving as adjudicators are entitled to a presumption of integrity and honesty. *Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Plaintiff has done nothing to displace that presumption, and his claims of bias are unsupported by the record before this Court.[2]

Although it is not clear, the Court also understands Plaintiff to argue that he cannot request the Idaho Supreme Court to prevent the State Defendants from harassing him. Reply. in Supp. of Emergency TRO Mot. at 4 (Dkt. 121). Given that the Idaho Supreme Court has the inherent authority to regulate the state bar, Plaintiff's argument is without merit. It is certainly within the purview of the Idaho Supreme Court to deny the ISB's Petition if, in the sound judgment of the Justices, it is determined that the Petition was brought only to harass Plaintiff. Accordingly, the Court finds that the third element of *Younger* is met.

---

[2] Further, Plaintiff's allegation that the Justices of the Idaho Supreme Court are afraid to tell the ISB "no" is objectively incorrect, as he cites a prominent recent instance of the Idaho Supreme Court rejecting a proposed Bar Resolution. *See In re Idaho State Bar Resolution 21-01*, No. 50356 (Idaho Jan. 20, 2023).

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 8**

    4. *Plaintiff's requested relief would enjoin the ongoing state proceedings.*

There is no question that the fourth element of *Younger* is met as Plaintiff is seeking an emergency injunction to halt proceedings before the Idaho Supreme Court.  This is precisely the type of federal court intervention contemplated by *Younger*.  *See Arevalo v. Hennessy*, 882 F.3d 763, 765-766 (9th Cir. 2018) ("*Younger* cautions against federal *interference* with ongoing state criminal, civil, and administrative proceedings.") (emphasis added).

    5. *No exception to Younger applies.*

To the extent Plaintiff argues that an exception to *Younger* applies, he does so by asserting that the ISB is harassing him and retaliating against him for pursuing this litigation.[3] Mem. in Supp. of Emergency TRO Mot. at 9 (Dkt. 115-1); Reply in Supp. of Emergency TRO Mot. at 4-5 (Dkt. 121).  The limited factual record before this Court does not substantiate that allegation.

While the retaliatory conduct and constitutional violations Plaintiff alleges may seem patently obvious to him, they are not so obvious to this Court, which has not had the benefit of seeing those allegations tested through the adversarial process.  Plaintiff may be able to submit evidence other than his own allegations to substantiate his claims of retaliation and harassment; however, the State Defendants may submit evidence showing that, despite the unusual circumstances of this case, they are merely carrying out the unenviable task of regulating admission to the bar in good faith.  To the extent Plaintiff wishes this Court to leapfrog the

---

[3] Although Plaintiff contends that the ISB's requested relief is "unprecedented," it appears that various states impose restrictions on an applicant's ability to immediately reapply for the bar after being rejected on character and fitness grounds.  *See, e.g.*, RULES CONCERNING THE STATE BAR OF MICHIGAN 15, sec. 1(18) (unsuccessful applicant may not reapply for at least two, and up to five years); COLO. R. CIV. P. 211.2 (rejected applicant must wait five years before reapplication); ARIZ. REV. STAT. ANN. SUP. CT. RULES 34(m) (applicant rejected on character and fitness grounds may not reapply for a period of five years from the date of denial).

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 9**

adversarial process and make a factual finding of retaliation at this point in time, it will not do so. Accordingly, based on the record before this Court, it finds that no exception to *Younger* applies and abstention is appropriate in this matter.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED THAT Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 115) is **DENIED.**

DATED: May 11, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER ON PLAINTIFF'S EMERGENCY TRO MOTION – 10**