UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS M. WITZKE,<br><br>    Plaintiff,<br><br>  v.<br><br>IDAHO STATE BAR, ROBERT A. BERRY, individually and in his official capacity as a DEPUTY ATTORNEY GENERAL FOR THE STATE OF IDAHO, LAWRENCE G. WASDEN, individually and in his official capacity as the ATTORNEY GENERAL FOR THE STATE OF IDAHO, KRISTIN L. BJORKMAN, individually and in her official capacity as the PRESIDENT OF THE IDAHO STATE BAR BOARD OF COMMISSIONERS, JOSEPH N. PIRTLE, individually and in his official capacity as the IDAHO STATE BAR COUNSEL, MITCHELL W. BROWN, individually and in his official capacity as the DISTRICT COURT JUDGE FOR THE COUNTIES OF CARIBOU, BEAR LAKE, FRANKLIN, and BANNOCK, COUNTIES WITH THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, THE COUNTY OF CARIBOU, IDAHO, THE COUNTY OF FRANKLIN, IDAHO, THE COUNTY OF BEAR LAKE, IDAHO,<br><br>    Defendants. | Case No. 1:22-cv-00478-REP<br><br>MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO STRIKE A PORTION OF THE STATE DEFENDANTS' MOTION FOR ATTORNEYS' FEES (DKT. 170) |

  Pending before the Court is Plaintiff's Motion to Strike a Portion of the State Defendants' Motion for Attorneys' Fees (Dkt. 170). For the reasons stated herein, the Court declines the fee request that Plaintiff is opposing.

**MEMORANDUM DECISION AND ORDER – PAGE 1**

## PROCEDURAL HISTORY

Plaintiff filed this lawsuit on November 19, 2022. Compl. (Dkt. 1). The Complaint raised five counts against the Idaho State Bar (the "ISB"), several ISB officials, attorneys who have represented the ISB and related officials in prior proceedings, a state-court Judge, as well as several counties. *See generally id.* The State Defendants[1] filed a motion to dismiss all five claims. Dkt. 81. On May 11, 2023, the Court granted the motion in part and denied the motion in part, dismissing Counts I and II over Plaintiff's objection, but permitting Counts III, IV, and V to proceed to discovery. 5/11/2023 MDO at 35-36 (Dkt. 124).

Approximately one month later, Plaintiff moved to voluntarily dismiss his surviving claims with the understanding that "each party cover their own attorney[s'] fees and costs." Mtn for Vol. Dismissal at 11 (Dkt. 139-1). The State Defendants responded in opposition. Res. to Mtn for Vol. Dismissal (Dkt. 149). The State Defendants stressed that they had "already incurred substantial attorney[s'] fees and costs and spent numerous hours and resources in this case responding to Plaintiff's extensive, and often unorthodox, pleadings." *Id.* at 7. They argued that the Court should only permit Plaintiff to dismiss the lawsuit with prejudice or, if the Court permitted dismissal without prejudice, it should condition the dismissal on Plaintiff paying the State Defendants' attorneys' fees and costs. *Id.* at 3.

After considering both sides, the Court issued an order setting forth the conditions under which it would permit Plaintiff to dismiss the lawsuit. *See* 8/1/2023 Order (Dkt 154). First, the Court clarified that Plaintiff's voluntary dismissal of his pending claims would not impact the State Defendants' ability to request fees for Counts I and II (the Counts dismissed over

---

[1] Collectively the Idaho State Bar Board of Commissioners, Robert A. Berry, Lawrence G. Wasden, Kristin L. Bjorkman, Joseph N. Pirtle, and Judge Mitchell W. Brown.

**MEMORANDUM DECISION AND ORDER – PAGE 2**

Plaintiff's objection). *Id.* at 9. Second, the Court ruled in the State Defendants' favor as to Counts IV and V – holding that Plaintiff could only dismiss these claims with prejudice. *Id.* at 8. Third, the Court determined that Plaintiff could dismiss Count III without prejudice. *Id.* Finally, the Court conditioned the dismissal of all three remaining Counts on the requirement that Plaintiff bear certain attorneys' fees and costs if Plaintiff were to refile "the same lawsuit, or a substantially similar one."[2] *Id.* at 9-11. The Court explained that these conditions protected Defendants against future lawsuits, allowed Plaintiff to pursue Count III in his bar proceedings, and ensured Plaintiff would not "have to pay attorney's fees and costs relating to the claims he [was] voluntarily dismissing." *Id.* at 9.

The Court gave Plaintiff seven days to accede to the Court's conditions or withdraw his motion to dismiss and proceed with discovery. *Id.* at 10. Plaintiff immediately agreed to the Court's proposed terms. Dkt. 155.

The Court, consequently, granted the motion for voluntary dismissal and entered final judgment. Supp. Or. (Dkt. 157) and Judg. (Dkt. 158). The Court set a thirty-day deadline for Defendants to file motions for attorneys' fees and costs, including any motions for fees related to the claims that were not voluntarily dismissed. Supp. Or. at 2 (Dkt. 157).

On September 15, 2023, the State Defendants timely filed a motion requesting: (i) an award of $30,062.50 for defending against Count I and II, (ii) an award of $17,405.50 for defending against various motions they claim were frivolous, and (iii) a prospective or conditional fee award of $47,027 should Plaintiff refile another lawsuit against them that mirrors this one. State Mtn for Fees at 2 (Dkt. 167) and State Memo at 19 (Dkt. 167-1).

---

[2] The Court exempted the raising of Count III before the Idaho Supreme Court from this fee-shifting condition. *Id.* at 9.

**MEMORANDUM DECISION AND ORDER** – **PAGE 3**

Plaintiff has moved to strike the request for $17,405.50.  Mtn. to Strike (Dkt. 170).

## DISCUSSION

Plaintiff contends that the Court should strike the offending portion of the State Defendants' fee motion because (i) the Court lacks jurisdiction over the request, which is outside the scope of the order of dismissal, and (ii) entertaining the request would result in protracted litigation.  *See generally id.*  The Court agrees with the thrust of Plaintiff's argument, but not his framing or rhetoric.

Starting with the areas of disagreement, Rule 12(f) only allows a district court to strike insufficient defenses or redundant, immaterial, impertinent, or scandalous material.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).  The State Defendants' request for fees does not fall into any of these categories.  *Id.*  The Court, accordingly, construes Plaintiff's motion as a partial response in opposition to the State Defendants' fee motion.

Next, a district court retains ancillary jurisdiction to determine disputes over attorneys' fees whether or not the court explicitly reserves such jurisdiction.  *K.C. v. Torlakson*, 762 F.3d 963, 970 (9th Cir. 2014).  The Court has jurisdiction to consider the State Defendants' fee request.

Finally, the Court agrees with Defendants that the threat of protracted litigation is not a valid reason to deprive a prevailing litigant of fees to which the litigant would otherwise be entitled.  The Court takes seriously its duties (i) to conduct all proceedings fairly, efficiently, patiently, and with civility; and (ii) to issue rulings that are faithful to the law, not swayed by fear of criticism.  Code Jud. Conduct, Canon 3A(1-3 and 5) (2019) (available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#d) (last accessed

November 13, 2023).

Subject to these clarifications, the Court agrees that its order granting Plaintiff's motion for voluntary dismissal forecloses the State Defendants from seeking fees related to Counts III, IV, or V. *See* 8/1/2023 Order at 9 (Dkt. 154). As outlined above, after hearing from all the parties in the case, the Court set forth specific conditions for the voluntary dismissal of Plaintiff's claims. One of these conditions was that Plaintiff would not have to pay attorneys' fees for the claims he was dismissing and would only be liable for such fees if he chose to refile a substantially similar lawsuit. *Id.*

The State Defendants call this a "narrow" reading of the Court's order, but never analyze the plain language of the order or provide any explanation of this position. State Ds' Rsp at 4 n.3 (Dkt. 173). Instead, Defendants contend that it would be unfair for the Court to permit Plaintiff to dismiss the lawsuit on his own terms without letting Defendants seek attorneys' fees. *Id.*

But this is not what happened. Plaintiff explicitly sought dismissal subject to the condition that each side bear its own fees and costs. Mtn for Vol. Dismissal at 11 (Dkt. 139-1). The State Defendants had a full and fair opportunity to object to this request, including the ability to seek fees for Plaintiff's allegedly frivolous motion practice and allegedly vexatious conduct (which long predated the motion for voluntary dismissal). The State Defendants, however, only requested that fees be awarded <u>if</u> the Court permitted dismissal of Plaintiff's claims without prejudice. *See generally* Res. to Mtn for Vol. Dismissal (Dkt. 149). The State Defendants indicated that they preferred a dismissal with prejudice. *Id.* With one exception, the Court honored this request. 8/1/2023 Order at 8-10 (Dkt. 154) (requiring Plaintiff to litigate the case or dismiss Counts IV and V with prejudice). Had the State Defendants requested the fees

they now seek, the Court *may* have struck a different balance.[3]

It is too late, however, to reopen the issue now. When the Court set terms under which Plaintiff could voluntarily dismiss the suit, Plaintiff had "the choice between accepting the conditions" or, if he felt "that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 930-931 (9th Cir. 1986) (internal citation omitted). The State Defendants remained silent while Plaintiff accepted the Court's conditions. Final judgment has now been entered and the Court may not reopen the terms of dismissal absent a motion and justification under Federal Rule of Civil Procedure 60(b). The State Defendants have not filed such a motion and the Court has no reason to believe one would have merit.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Strike a Portion of the State Defendants' Motion for Attorneys' Fees (Dkt. 170) is GRANTED in part, subject to the caveats listed above.

2. The Court denies the State Defendants' Motion for Attorneys' Fees (Dkt. 167) in part.

    a. The State Defendants' request for $17,405.50 for defending against various motions they claim were frivolous is DENIED.

    b. The Court continues to reserve ruling on the State Defendants' request for $30,062.50 for defending against Count I and II. *See* Dkt. 169.

    c. Plaintiff shall file his response opposing the one remaining fee request in

---

[3] The Court expresses no opinion the merits of the State Defendants' request for fees as a sanction for frivolous or vexatious conduct. When the Court states that the outcome may have been different, the Court simply notes that it would not, and did not extinguish, the State Defendants' ability to seek attorneys' fees without first considering all timely asserted fee requests.

**MEMORANDUM DECISION AND ORDER – PAGE 6**

accordance with Dkt. 172.  The State Defendants may file an optional reply within the timeframe stated in District Local Rule 54.2(d).

DATED: November 13, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge