UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS M. WITZKE,<br><br>                      Plaintiff,<br><br>   v.<br><br>IDAHO STATE BAR, ROBERT A. BERRY, individually and in his official capacity as a DEPUTY ATTORNEY GENERAL FOR THE STATE OF IDAHO, LAWRENCE G. WASDEN, individually and in his official capacity as the ATTORNEY GENERAL FOR THE STATE OF IDAHO, KRISTIN L. BJORKMAN, individually and in her official capacity as the PRESIDENT OF THE IDAHO STATE BAR BOARD OF COMMISSIONERS, JOSEPH N. PIRTLE, individually and in his official capacity as the IDAHO STATE BAR COUNSEL, MITCHELL W. BROWN, individually and in his official capacity as the DISTRICT COURT JUDGE FOR THE COUNTIES OF CARIBOU, BEAR LAKE, FRANKLIN, and BANNOCK, COUNTIES WITH THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, THE COUNTY OF CARIBOU, IDAHO, THE COUNTY OF FRANKLIN, IDAHO, THE COUNTY OF BEAR LAKE, IDAHO,<br><br>                      Defendants. | Case No. 1:22-cv-00478-REP<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS BEAR LAKE AND FRANKLIN COUNTIES' MOTION FOR ATTORNEYS' FEES (DKT. 132) AND BILL OF COSTS (DKT. 133)** |

      Pending are Defendants Bear Lake and Franklin Counties' Motion for Attorneys' Fees (Dkt. 132) and Bill of Costs (Dkt. 133). Because the Plaintiff's claims are not frivolous, the Court denies Defendants' request for attorneys' fees under 42 U.S.C. § 1988(b) and for associated costs under Federal Rule of Civil Procedure 54.

**MEMORANDUM DECISION AND ORDER – PAGE 1**

**PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on November 19, 2022.  Compl. (Dkt. 1).  As is relevant to the instant motion, Counts IV and V of the Verified Complaint asserted 42 U.S.C. § 1983 claims against Defendants Bannock County, Caribou County, Franklin County, and Bear Lake County (the "County Defendants").  Plaintiff alleged that Defendant Brown unconstitutionally terminated Plaintiff's employment as a law clerk, and that the County Defendants were liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) because Defendant Brown was acting in his official capacity on behalf of the County Defendants when he terminated Plaintiff.  Compl. ¶ 163 (Dkt. 1).

The County Defendants answered on December 12, 2022.  Answer (Dkt. 21).  They filed a Motion to Dismiss the following day, December 13, 2022.  Mot. to Dismiss (Dkt. 26).  While this motion was pending, Plaintiff voluntarily dismissed his claims against Bannock County with prejudice.  Stip. of Dismissal (Dkt. 36).  Plaintiff avers that he took this action after opposing counsel informed him that Bannock County did not contribute to Plaintiff's salary.  Witzke Aff. ¶ 13 (Dkt. 138-1).

On February 14, 2023, the Court held a hearing on the remaining County Defendants' request for dismissal.  Dkt. 98.  After considering the parties' briefing and the arguments made at the hearing, the Court found that Plaintiff failed to state a plausible claim for municipal liability against Defendants Bear Lake County and Franklin County, but that Plaintiff's claims could proceed against Defendant Caribou County under a ratification theory of municipal liability.  5/11/2023 MDO (Dkt. 123).

On May 25, 2023, Defendants Bear Lake and Franklin Counties filed a motion seeking $13,198.50 in attorneys' fees as prevailing parties under 42 U.S.C. § 1988(b).  Mtn. for Fees (Dkt. 132).  The same day Bear Lake and Franklin also filed a bill of costs asking the Clerk of Court to tax Plaintiff $43.60 in costs under Federal Rule of Civil Procedure 54(d).

## STANDARD OF REIVEW

A district court may award attorneys' fees to a prevailing civil rights defendant under 42 U.S.C. § 1988(b) only where the action is "unreasonable, frivolous, meritless or vexatious."  *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010).  This is a strict standard.  Just because a claim is weak does not mean it is frivolous.  *United States EEOC v. Robert L. Reeves & Assocs.*, 262 F. App'x 42, 44 (9th Cir. 2007) (unpublished).  A claim will only be deemed frivolous "when the result is obvious or the arguments of error are wholly without merit."  *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted).

In determining whether a particular claim warrants this level of condemnation, the Supreme Court has admonished district courts to "resist the understandable temptation to engage in post hoc reasoning" by focusing too heavily on the unsuccessful resolution of the claim.  *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-422 (1978).  For example, a claim may be legally insufficient under Federal Rule of Civil Procedure 12(b)(6) without being frivolous or wholly without merit.  *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees.").

These standards are intended to "promote vigorous prosecution of civil rights cases."  *Miller v. Los Angeles County Bd. Of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987).  Attorneys' fees

in civil rights cases, accordingly, "should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990).

## DISCUSSION

### A. Attorneys' Fees

Defendants Bear Lake and Franklin Counties (hereafter, Defendants) argue that the *Monell* claims Plaintiff asserted against them should be considered frivolous because Plaintiff failed to allege that either County "took any action in this matter." Reply at 5 (Dkt. 144).

It is well-settled that § 1983 does not permit vicarious liability against governmental agencies. To impose liability on a municipality under § 1983, a plaintiff must prove that a municipal policy was the moving force behind the constitutional violation. *Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). Proof of an unlawful policy may take several forms, including evidence that the official who committed the constitutional tort was responsible for establishing final policy with respect to the subject matter in question. *Id.* at 974; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). In such cases, a municipality may be held liable for an isolated unconstitutional decision. *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992).

Plaintiff brought claims against Defendants on the basis that his direct supervisor, Defendant Brown, acted as the Counties' final policymaker when he fired Plaintiff. Compl. ¶ 163 (Dkt. 1). While the Court found Plaintiff's position weak and unpersuasive, this conclusion was not so obvious that Plaintiff's *Monell* claims can be labeled frivolous.

The authority to make final municipal policy may be granted by legislative enactment or "delegated by an official who possesses such authority." *Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004). Plaintiff proceeded under a combination of these theories, arguing that state law

delegated Defendant Brown final policymaking authority over the supervision of his county-employed law clerks.  Pl.'s Rsp to MTD at 14-18 (Dkt. 52) and Pl.'s Outline (Dkt. 97).  The Supreme Court and the Ninth Circuit have long recognized that allegations of delegated municipal authority, such as these, present "special difficulties" in determining *Monell* liability.  *Christie v. Iopa*, 176 F.3d 1231, 1236 (9th Cir. 1999) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988)).  This is because it can be difficult to distinguish discretionary authority from final policy making authority.  *Id.*

As Plaintiff points out, the structure of his employment further complicated the parties' analyses.  Both sides acknowledged that state law divided the responsibility for paying Plaintiff's salary from the "administrative supervision" of his appointment as a law clerk.  *See* Pl.'s Rsp to MTD at 16-17 (Dkt. 52); County MTD at 5-6 (Dkt. 26-1); and County Supp. at 3 (Dkt. 100) (discussing I.C. §§ 1-907 and 1-1613).  This generated a disagreement between the parties regarding Plaintiff's status as a county employee.  Parsing these arguments and determining their relevance to Plaintiff's *Monell* claims was not a cursory matter.[1]  It required time and thought for the Court to reach the conclusion that Plaintiff's *Monell* claims amounted "to nothing more than a prohibited claim for vicarious liability under § 1983."  5/11/2023 MDO at 8 (Dkt. 123).

In other words, although Plaintiff's *Monell* claims were not strong, neither were they frivolous.  Plaintiff made arguments, grounded in state and federal law, addressing each element required for *Monell* liability.  Defendants are not entitled to attorneys' fees for defending against these claims.

---

[1] To take one example, Defendants cited I.C. § 1-1613A to support their claim that Plaintiff was a state, not a county, employee.  County Supp. at 3 (Dkt. 100).  This statute, however, is titled: "County employees performing functions of the district court under court control — Liability."

**MEMORANDUM DECISION AND ORDER – PAGE 5**

B. **Bill of Costs**

The same day they filed the motion for attorneys' fees Defendants filed a request with the Clerk of Court to tax $43.60 in costs against Plaintiff.  Generally speaking, prevailing defendants are entitled to taxable costs under Federal Rule of Civil Procedure 54(d).  Here, however, the only costs Defendants have identified are $43.60 in "PACER charges for record research."  Exh. A. to Bill of Costs (Dkt. 133-1 at 6).

Plaintiff opposes the taxing of these costs, citing several district court decisions finding that PACER research is not taxable under 28 U.S.C. § 1920.  Pl.'s Rsp to Bill of Costs (Dkt. 137).  Defendants filed a reply acknowledging the cases Plaintiff cited.  D.'s Reply to Bill of Costs (Dkt. 145).  Defendants did not identify any contrary authority or argue that these cases were wrongly decided.  *Id.*  Instead, Defendants contend that the Court can award Defendants compensation for the PACER charges as nontaxable costs "if Defendant[s] prevail and [are] awarded attorney's fees."  *Id.* at 3.  The Court construes this reply as a concession that PACER costs should only be awarded if the Court finds Plaintiff's claims were frivolous.  Because the Court has declined to make this finding, the Court denies Defendants' request for $43.60 in costs.

## ORDER

IT IS HEREBY ORDERED that:

1. Defendants Bear Lake and Franklin Counties' Motion for Attorneys' Fees (Dkt. 132) is DENIED.

2. Defendants Bear Lake and Franklin Counties' Bill of Costs (Dkt. 133) is DENIED.

DATED: December 18, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge