UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BROOKS M. WITZKE,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO STATE BAR, ROBERT A. BERRY, individually and in his official capacity as a DEPUTY ATTORNEY GENERAL FOR THE STATE OF IDAHO, LAWRENCE G. WASDEN, individually and in his official capacity as the ATTORNEY GENERAL FOR THE STATE OF IDAHO, KRISTIN L. BJORKMAN, individually and in her official capacity as the PRESIDENT OF THE IDAHO STATE BAR BOARD OF COMMISSIONERS, JOSEPH N. PIRTLE, individually and in his official capacity as the IDAHO STATE BAR COUNSEL, MITCHELL W. BROWN, individually and in his official capacity as the DISTRICT COURT JUDGE FOR THE COUNTIES OF CARIBOU, BEAR LAKE, FRANKLIN, and BANNOCK, COUNTIES WITH THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, THE COUNTY OF CARIBOU, IDAHO, THE COUNTY OF FRANKLIN, IDAHO, THE COUNTY OF BEAR LAKE, IDAHO,<br><br>Defendants. | Case No. 1:22-cv-00478-REP<br><br>**MEMORANDUM DECISION AND ORDER DENYING THE STATE DEFENDANTS' MOTION FOR ATTORNEYS' FEES (DKT. 167)** |

Pending before the Court is the State Defendants' request for $30,062.50 in attorneys' fees for defending against Counts I and II. State Mtn for Fees (Dkt. 167). Because neither Count is frivolous, the Court denies the request.

**MEMORANDUM DECISION AND ORDER – PAGE 1**

## PROCEDURAL HISTORY

Plaintiff filed this lawsuit on November 19, 2022.  Compl. (Dkt. 1).  The Complaint raised five counts against the Idaho State Bar (the "ISB"), several ISB officials, attorneys who have represented the ISB and related officials in prior proceedings, a state-court Judge, as well as several counties.  *See generally id.*  Counts I and II alleged that ISB officials violated Plaintiff's Fourteenth Amendment due process rights when they delayed a final decision on Plaintiff's second bar application for over 220 days.  *Id.* ¶¶ 106-140.  To remedy the alleged violation, Plaintiff sought a preliminary injunction ordering ISB officials to (i) issue a decision on the bar application within ten days of the injunction and (ii) schedule a show cause hearing within fourteen days of any order denying his application.  *Id.* at 40.  On December 23, 2022, the Court denied Plaintiff's request for a preliminary injunction.  12/23/2022 MDO (Dkt. 50).

The State Defendants[1] subsequently filed a motion to dismiss all five claims.  Dkt. 81.  Plaintiff agreed that Count I was moot, but opposed the dismissal of his remaining claims.  Dkt. 101.  On May 11, 2023, the Court granted Defendant's motion in part – dismissing Counts I and II – and denied the motion in part – allowing Counts III, IV, and V to proceed to discovery.  5/11/2023 MDO at 35-36 (Dkt. 124).

On August 16, 2023, the Court permitted Plaintiff to voluntarily dismiss the remaining claims (Counts III, IV, and V) subject to certain conditions.  Suppl. Or. (Dkt. 157).  One condition was that Plaintiff's voluntary dismissal would not impact the State Defendants' ability to request fees for Counts I and II.  *See* 8/1/2023 Order at 9 (Dkt 154).  Another condition was that Plaintiff would bear certain attorneys' fees and costs if Plaintiff "refiled the same lawsuit, or

---

[1] Collectively the Idaho State Bar Board of Commissioners, Robert A. Berry, Lawrence G. Wasden, Kristin L. Bjorkman, Joseph N. Pirtle, and Judge Mitchell W. Brown.

a substantially similar one." Suppl. Or. at 2 (Dkt. 157).

The Court set a thirty-day deadline for Defendants to file motions for attorneys' fees and costs. *Id.* On September 15, 2023, the State Defendants filed a motion requesting three types of fees: (i) a fee award of $30,062.50 for defending against Counts I and II, (ii) a fee award of $17,405.50 for defending against various motions they claim were frivolous, and (iii) a conditional fee award of $47,027 should Plaintiff refile another lawsuit against them that mirrors this one. State Mtn for Fees at 2 (Dkt. 167) State Memo at 19 (Dkt. 167-1). To keep the docket clean, the Court denied the request for a prospective award of $47,027 without prejudice for lack of ripeness. 9/18/2023 Order (Dkt. 169). Approximately two months later, the Court denied the request for $17,405.50 as barred by the terms of the Court's order permitting Plaintiff to voluntarily dismiss Counts III, IV, and V. 11/13/2023 Order (Dkt. 175).

One fee request remains unresolved: the State Defendants' request for $30,062.50 for defending against Count I and II.

## STANDARD OF REIVEW

A district court may award attorneys' fees to a prevailing civil rights defendant under 42 U.S.C. § 1988(b) only where the action is "unreasonable, frivolous, meritless or vexatious." *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010). This is a strict standard. Just because a claim is weak does not mean it is frivolous. *United States EEOC v. Robert L. Reeves & Assocs.*, 262 F. App'x 42, 44 (9th Cir. 2007) (unpublished). A claim will only be deemed frivolous "when the result is obvious or the arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted).

In determining whether a particular claim warrants this level of condemnation, the

**MEMORANDUM DECISION AND ORDER – PAGE 3**

Supreme Court has admonished district courts to "resist the understandable temptation to engage in post hoc reasoning" by focusing too heavily on the unsuccessful resolution of the claim. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-422 (1978).  For example, a claim may be legally insufficient under Federal Rule of Civil Procedure 12(b)(6) without being frivolous or wholly without merit.  *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees.").

These standards are intended to "promote vigorous prosecution of civil rights cases." *Miller v. Los Angeles County Bd. Of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987).  Attorneys' fees in civil rights cases, accordingly, "should only be awarded to a defendant in exceptional circumstances."  *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990). [2]

The Court determines whether fees are justified under these standards on a claim-by-claim basis.  *Fox v. Vice*, 563 U.S. 826, 829 (2011).

## DISCUSSION

### I. Count One

The State Defendants argue that Plaintiff acted frivolously in bringing his challenge to the lengthy adjudication of his bar proceedings before this Court rather than the Idaho Supreme Court.  State Memo at 6-7 (Dkt. 167-1).  As support for this proposition, the State Defendants rely primarily on Plaintiff's own statements.  *Id.*  For example, Defendants insist that Plaintiff "knew that the Idaho Supreme Court was the only entity" that could provide the relief he sought.

---

[2] The State Defendants contend that litigation can be deemed frivolous where a plaintiff makes false factual assertions in support of a legitimate legal argument.  State Reply at 3, n.2 (Dkt. 180).  Defendants, however, make this point in a footnote without accompanying analysis or any claim that Plaintiff made false assertions in relation to Count I or II.

*Id.* at 6; State Reply at 3 (Dkt. 180).  But the pleadings the State Defendants cite draw a critical distinction between Plaintiff's ultimate desire – a law license – and the relief he sought in this lawsuit – a timely ruling on his ability to sit for the bar exam.  While Plaintiff acknowledged that this Court could not give him the former, Plaintiff never conceded that this Court lacked the authority to grant him the latter.  Or, as Plaintiff put it:

> The relief sought is really simple. This Court cannot order the ISB to admit Plaintiff nor can it commandeer the ISB's right to regulate its own Bar. Instead, what this Court can do (and all it is being requested to do) is to order that the ISB Defendants: (1) stop delaying Plaintiff's admissions process and to issue a timely decision (any decision) on his ability to sit for the February, 2023 Bar Examination; and (2) that if the decision is adverse, to hold a timely show cause hearing presided over by a neutral decisionmaker. That is it. And it is not too much to ask.

PI Mtn at 2 (Dkt. 3).  This is not the sweeping admission that Defendants suggest.

Nor was it a frivolous position for Plaintiff to take.  *Younger* abstention is not a matter of venue or a grant of absolute immunity from federal oversight.  It is a narrow doctrine which directs federal courts to abstain from interfering with a limited category of state proceedings, including attorney disciplinary proceedings, where (1) the proceeding is "ongoing," (2) the proceeding implicates important state interests, (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges, (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding, and (5) there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.  *Page v. King*, 932 F.3d 898, 901-902 (9th Cir. 2019) and *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018).

In this case, the Court found that *Younger* abstention did not apply to Count I because the state bar proceedings did not afford Plaintiff an adequate opportunity to raise his procedural due process claim before suffering the loss of his MBE scores.  12/23/2022 MDO at 9-14 (Dkt. 50).

**MEMORANDUM DECISION AND ORDER – PAGE 5**

In other words, the Court ruled in Plaintiff's favor on the exact issue – the propriety of bringing his due process claim in federal court – on which the State Defendants accuse Plaintiff of taking a frivolous position. This ruling forecloses the one argument that the State Defendants make in support of the request for attorneys' fees for defending against Count I.[3]

II.     Count Two

Count Two of Plaintiff's Complaint raised facial and as-applied due process challenges to Idaho Bar Commission Rules 215(a) and 215(f) (the "Challenged Rules" or "Rules"). The Court agrees that the facial challenges were flimsy. The Court, however, cannot conclude that Count II was frivolous in its entirety.

The Court never reached the merits of Plaintiff's as-applied challenge to the Idaho Bar Commission Rules. For the reasons discussed in footnote 3, the merits of this claim are far from frivolous. The State Defendants do not argue otherwise. Instead, the State Defendants stress that the Court dismissed the as-applied challenged under *Younger*. Defendants maintain that Plaintiff should have known that this dismissal was inevitable, and Defendants contend that Plaintiff acted

---

[3] While the State Defendants claim that Plaintiff acted frivolously in his choice of forum, they do not lodge a similar attack on the underlying merits of Plaintiff's Fourteenth Amendment claim. Nor would such an attack be persuasive. It is undisputed that "the requirements of procedural due process must be met before [Idaho] can exclude [Plaintiff] from practicing law." *Willner v. Committee on Character & Fitness*, 373 U.S. 96, 102 (1963). These requirements include "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Whether the delay at issue here was severe enough to constitute a constitutional violation remains doubtful. *See, e.g., id.* at 342 (one-year administrative delays in benefits decisions did not violate social security petitioner's procedural due process rights) and *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985) (recognizing that delay in providing a post-termination hearing to a fired public employee would become a constitutional violation "at some point," but holding that a nine-month adjudication period was not unconstitutional). But the delay was clearly long enough to raise legitimate Fourteenth Amendment concerns. *See Kuck v. Danaher*, 600 F.3d 159, 164 (2d Cir. 2010) ("deprivations may not be indefinite, particularly where delay cannot be attributed to any clear state interest").

**MEMORANDUM DECISION AND ORDER – PAGE 6**

unreasonably in seeking a different result. State Memo at 9 (Dkt. 167-1) and State Reply at 7-8 (Dkt. 180).

For his part, Plaintiff argues that a defendant cannot receive fees under §1988 "for time spent on claims dismissed under *Younger*." Pl.'s Rsp. at 26-27 (Dkt. 178). Alternatively, Plaintiff asserts that this Court's use of *Younger* "does not mean that *Younger's* applicability was patently obvious at the outset of the proceedings." *Id.* at 19.

Plaintiff's first argument is no longer correct. While the Ninth Circuit historically prohibited fee awards to defendants who succeeded in obtaining *Younger* dismissals, subsequent Supreme Court and Ninth Circuit law have reversed this approach. *Citizens for Free Speech, LLC v. Cty. of Alameda*, 953 F.3d 655, 659 (9th Cir. 2020) ("[w]hen a party seeks federal equitable relief, *Younger* abstention alters the parties' relationship" and provides a basis for awarding attorneys' fees).

That said, the Court agrees that Plaintiff's opposition to the Court's *Younger* abstention was not so groundless as to be wholly without merit. As outlined above, the *Younger* doctrine contains numerous requirements and exceptions. *Page*, 932 F.3d at 901-902 and *Rynearson*, 903 F.3d at 924. Plaintiff made rational – albeit creative and ultimately unsuccessful – arguments that several of these elements weighed against abstention. To take one example, Plaintiff pointed out that the Supreme Court has cabined the *Younger* abstention doctrine to three categories of cases: (i) "ongoing state criminal prosecutions," (ii) "certain civil enforcement proceedings," such as state bar disciplinary proceedings, and (iii) "civil proceedings involving certain orders . . . uniquely in the furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Plaintiff argued that state bar admission proceedings do not fall into any of these categories. To this Court's knowledge, the

**MEMORANDUM DECISION AND ORDER – PAGE 7**

Ninth Circuit has never addressed this question post-*Sprint*.  The Court cannot deem Plaintiff's attempt to obtain federal court review of his federal due process claim so out of bounds as to be frivolous.

## ORDER

IT IS HEREBY ORDERED that:

1. The State Defendants' request for $30,062.50 for defending against Count I and II is DENIED.

2. As a result of this ruling and of the Court's prior rulings (Dkts. 169 and 175), the State Defendants' Motion for Attorneys' Fees (Dkt. 167) is DENIED.

DATED: January 09, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER – PAGE 8**